## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

RIO VALLEY BIOFUELS, LLC,

     **Plaintiff,**

v.              **CIV No. 13-704 LH/WPL**

AZURE RENEWABLE PRODUCTS GROUP,
LTD. And MATTHEW THIELEN,

     **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court pursuant to Plaintiff's Request for Entry of Default (ECF No. 10).   Having reviewed Plaintiff's motion, the record in the case, and being fully advised on the law, the Court finds that the motion will be **granted in part and denied in part**. Specifically, default judgment will be entered on the issue of liability.   Plaintiff's motion will be denied as being premature, however, without prejudice, on the issues of damages and attorney fees.

### I.   Procedural Background

Plaintiff filed its Complaint in this matter on July 31, 2013 (ECF No. 1).   The Complaint is entitled "Complaint for Breach of Contract, Fraud and Open Account."[1]   A Certificate of Service

---

[1] Attached to the Complaint is one   exhibit, entitled "Rio Valley Biofuels Customer Balance Detail All Transactions"   (ECF No. 1-1).   The total shown is $178,378.88.

(ECF No. 5) indicates that Azure Renewable Products Group, Ltd. was served by Federal Express on August 27, 2013.   Another Certificate of Service (ECF No. 6) indicates that Matthew Thielen was also served by Federal Express on August 27, 2013.   On March 10, 2014, Plaintiff's Request for Entry of Default (ECF No. 10) was filed with the Court.   This motion seeks damages for the liquidated sum or $178,378.88 plus interest at the rate of 8.75% per annum from April 4, 2013, the date of the last payment thereon, as reflected in the exhibit attached to Plaintiff's Complaint.   On April 7, 2014, Plaintiff's counsel filed an affidavit (ECF No. 11) indicating that Matthew Thielen is not now, nor has he at any time during the pendency of this litigation, been a member of any military service.   On April 7, 2014, a Clerk's Entry of Default (Docket No. 12) was entered, merely indicating that Defendants Azure Renewable Products Group, Ltd. and Matthew Thielen have failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that the Clerk of this Court accordingly entered the default of these two Defendants into the record. No amount of judgment was mentioned in this Clerk's Entry of Default.

## II.   Discussion

### A.   Entry of Default Judgment on Liability Only

Before entering default judgment against the Defendants, the Court must find that they were properly served in accordance with the Federal Rules of Civil Procedure and subsequently failed to answer, defend, or otherwise appear in the case within the time provided in the Rules.   If the Defendants have been properly served and have failed to defend, the Court may enter default judgment as to the issue of liability in accordance with FED.R.CIV.P. 55 (b)(2).

In this case, Plaintiff has shown that Defendants were properly served in accordance with FED.R.CIV.P. 4 and that they subsequently failed to answer or otherwise defend.   The Court has

2

personal jurisdiction over the defaulting Defendants and it has subject matter jurisdiction over the dispute.   Prior to the date of the filing of this Memorandum Opinion and Order, Defendants have not answered, defended or otherwise appeared in the case.   Accordingly, as concluded in the Clerk's Entry of Default, Plaintiff is entitled to default judgment on the issue of liability.


### B.   Failure of Proof Regarding Damages.

On damages, the "court may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983).   Black's Law Dictionary defines a liquidated claim as being one which can be determined with exactness from the parties' agreement or by arithmetical process or application of definite rules of law, without reliance on opinion or discretion.   BLACK'S LAW DICTIONARY 930 (6th ed. 1990).

The definition contemplates a context in which, once liability is established, the amount due is beyond question.   *See KPS & Associates, Inc. v. Designs By FMC, Inc*., 318 F.3d 1, 19-20 (1st Cir. 2003).   For the Court to enter an amount of damages on default, the amount due must be certain.   Although in some instances, the Court may rely on the facts of record, in this case these facts are not sufficiently developed and presented in the record to justify reliance by the Court on them. Consequently the Court must make an independent determination as to what, if any, damages will be awarded.   *See Stephenson v. El-Batrawi*, 524 F.3d 907, 915-16 (8th Cir. 2008).

The only attempt that Plaintiff has made to establish the amount of money due to him in this lawsuit is his submission of an exhibit with the Complaint.   This submission purports to be a "Customer Balance Detail" for the Total Azure Renewable Products Group, however it is neither verified nor authenticated in any way.   In this lawsuit, Plaintiff also seeks attorney fees, however

there is no proof in the record to establish entitlement to, or an appropriate amount of, attorney fees.  The total amount set forth in this exhibit is not susceptible to reliable computation or determination by the Court, given the lack of an accounting and factual basis in the record.   In short, there are no facts in the record that have been sufficiently developed or presented to justify reliance by the Court on them.

Although all well-pleaded facts in the complaint (except those relating to the amount of damages) are presumed to be true, Plaintiff is reminded that it bears the burden of proving entitlement to damages.   *See Stephenson v. El-Batrawi*, 524 F.3d at 915-16.

If Plaintiff is able to provide competent proof as to what it is owed, with sufficient detail for this Court to meaningfully assess damages, it may request an evidentiary hearing before the Court, at which time such hearing will be set before the Undersigned Judge. Plaintiff is hereby granted forty-five (45) days in which to request such an evidentiary hearing which shall include certification from Plaintiff that it has competent proof to establish the damages it seeks.   If no such request is made within this time period, this case will be closed.

**WHEREFORE, IT IS HEREBY ORDERED** that Plaintiff is granted default judgment on the issue of liability only.

**IT IS FURTHER ORDERED** that, pursuant to the conditions set forth herein, Plaintiff is hereby granted forty-five (45) days, until August 29, 2014, in which to request an evidentiary hearing on the issue of damages.

**IT IS SO ORDERED**.

_____

**SENIOR UNITED STATES DISTRICT JUDGE**

4